**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WILLIE LEE DAILEY                                                                                          PLAINTIFF
ADC #110112
A/K/A MALIK SHAHEED-X

V.                                          NO: 5:10CV00209 JLH/HDY

RAY HOBBS *et al.*                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

        Judge (if such a hearing is granted) was not offered at the

1

>   hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Willie Lee Dailey, A/K/A Malik Shaheed-X, filed this complaint, pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care for his eye condition. On August 19, 2011, Defendants Ray Hobbs and Wendy Kelley filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #20-#22). Plaintiff filed a response and a brief in support on August 31, 2011 (docket entries #23 & #24). Because Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against Hobbs or Kelley, Defendants' motion should be granted.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Defendants assert, among other things, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to achieve proper exhaustion prior to filing this lawsuit, Defendants have provided Kelley's declaration.  Kelley is the ADC's deputy director of health and correctional programs (docket entry #20-4).  According to Kelley, in the three years preceding the filing of Plaintiff's complaint, he properly exhausted only five medical grievances,

none of which include claims against her or Hobbs.  In response, Plaintiff does not challenge Kelley's declaration, but appears to contend that three grievances wherein he complained of problems with his eyes or eyewear are sufficient to demonstrate proper exhaustion (docket entry #23).[1]  However, a review of the three grievances Plaintiff has cited, as well as the others provided by Defendants, reveals that Plaintiff failed to name either Kelley or Hobbs in any of the grievances.[2]  According to Arkansas Department of Correction ("ADC") policy, the grievance must be specific as to, among other things, the "personnel involved" (docket entries #20-1, page #5; #20-2, page #4; & #20-3, page #5).  That requirement is on the grievance form itself (docket entry #24, pages #13-#17).  The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because Plaintiff failed to name either Hobbs or Kelley in any exhausted grievance, he has failed to achieve proper exhaustion pursuant to ADC policy, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' motion for summary judgment (docket entry #20) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] Plaintiff references grievances EAM-08-1981, EAM-10-3344, and EAM-10-3346.

[2] In grievance EAM-10-3344, Plaintiff alleged that he requested glasses from Ms. Leak.  In an appeal of that grievance, Plaintiff alleged that K. Harrell was responsible for the denial of medical care (docket entry #20-4, pages #14 & #15).

DATED this   7   day of September, 2011.

                                                      UNITED STATES MAGISTRATE JUDGE